**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 13 CR 50048 |
| | ) | |
| Terrance T. Washington, | ) | |
| | ) | |
| *Defendant.* | ) | Judge Frederick J. Kapala |

**ORDER**

Defendant Washington's motion to reconsider order denying motion to suppress and for <u>Franks</u> hearing [54] is denied.

**STATEMENT**

  On April 24, 2013, this court denied defendant, Terrance T. Washington's, motion to suppress evidence and alternative request for a <u>Franks</u> hearing. Defendant now moves for reconsideration arguing that this court did not address his argument that Deputy Boomer's material omission from the warrant affidavit –that is, his failure to disclose that there were no police reports documenting the concerned citizens' reports of drug activity at 2844 Carol Place or the subsequent surveillance of the residence– is evidence that there were, in fact, no such complaints from concerned citizens or resulting surveillance. In other words, defendant contends that the purported omission is a substantial preliminary showing that Deputy Boomer lied about the concerned citizens' complaints and the surveillance never occurred. The court disagrees and the motion is denied.

  As noted in this court's previous order, Deputy Boomer began his affidavit with the language: "[t]his affidavit is based on my personal knowledge, on my review of records and other material, including police reports obtained during the course of this investigation, as well as information provided to me [b]y other investigators." Deputy Boomer did not state in his affidavit that there were police reports documenting the concerned citizens' complaints about the drug activity they observed at 2844 Carol Place or the police surveillance that followed. However, this court assumed for the sake of the appropriate <u>Franks</u> analysis that Deputy Boomer intentionally claimed that these police reports existed when they did not, and concluded that such a false statement was immaterial because Deputy Boomer swore to the concerned citizens' complaints and subsequent police surveillance which, in addition to other evidence, established probable cause to issue the search warrant. <u>See</u> <u>Franks v. Del.</u>, 438 U.S. 154, 155-56 (1978) (holding that an intentionally made false statement will lead to the invalidation of a search warrant if and only if the false statement was necessary to the finding of probable cause). No <u>Franks</u> hearing need be held unless "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish

probable cause." Id. at 171-72. That Deputy Boomer began his affidavit with the generic language that "[t]his affidavit is based on my personal knowledge, on my review of records and other material, including police reports obtained during the course of this investigation, as well as information provided to me [b]y other investigators," does not constitute a substantial showing that Deputy Boomer lied about the concerned citizens' reports and the police surveillance that followed. At best, defendant has made an allegation that Deputy Boomer falsely stated that there were police reports when there were not. However, an allegation that one statement in an affidavit was false does not constitute a substantial showing that the rest of the statements in the affidavit were false. Otherwise, there would be no Franks procedure to remove the false statement and examine the balance to determine if it establishes probable cause. See Franks, 438 U.S. at 171-72 ("[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.").

       Finally, the court notes that the government's recent concession that Deputy Boomer omitted a fact from his affidavit submitted in support of a request for a warrant to search co-defendant Kenneth W. Mullins' residence at 3902 15th Avenue, apartment #2, does not alter the court's analysis with respect to the warrant affidavit for 2844 Carol Place. Deputy Boomer's omission of the fact that the CI phoned a third party to set up his purchase of marijuana from "T," as opposed to directly calling Mullins, is not a substantial showing of a reckless or intentional omission of a material fact. Deputy Boomer had nothing to gain by leaving this fact out of his affidavit. Moreover, had Deputy Boomer mentioned the third party in his affidavit, it would not have changed the fact that the CI purchased marijuana from "T" at the Dollar General immediately after leaving 3902 15th Avenue, apartment #2, which was the gravamen of the probable cause to search that residence. For these reasons, the motion to reconsider is denied.

Date: 6/5/2014                                               ENTER:

                                                                                        FREDERICK J. KAPALA
                                                                                         District Judge